COPY

FILED 2013 SEP -9 PM 12:17 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA

BY FAX

THOMAS D. MAURIELLO (SBN 144811)
MAURIELLO LAW FIRM, APC
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
Tel: 949/542-3555
Fax: 949/606-9690
tomm@maurlaw.com

ROSE F. LUZON (SBN 225514)
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
401 West A Street, Suite 2350
San Diego, CA 92101
Tel: 619/235-2416
Fax: 619/234-7334
rluzon@sfmslaw.com

Attorneys for Plaintiff and the Class

(Other counsel listed on signature page)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SMITH, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN CAREER COLLEGE, INC., <br><br> Defendant. | Case No.: **SACV13-01394 JST (JPRx)** <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Jeremy Smith ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, against Defendant American Career College ("ACC" or "Defendant"), and, in support thereof, avers as follows upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge.

I. **NATURE OF ACTION**

1. Plaintiff brings this action individually and on behalf of a proposed class (the "Class") as more fully defined below, for the benefit and protection of all persons situated in California who place calls to ACC that secretly have been, and are, recorded. Plaintiff brings this class action on behalf of himself and all other similarly situated persons to obtain statutory penalties, as well as injunctive and other relief.

CLASS ACTION COMPLAINT

1

## II. PARTIES

2. Plaintiff is a resident of Los Angeles County, California, and is a citizen of California.

3. Defendant is a California corporation with its principal place of business in Irvine, California. ACC, therefore, is a citizen of California.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which Class members and Defendant are citizens of different states.

5. This Court has personal jurisdiction over Defendant because Defendant is authorized to do business, and currently does business, in this state.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Plaintiff is a resident of this district, Defendant engages in substantial business throughout this district, and many of the acts complained of herein took place within, or were aimed at citizens in this district.

## IV. FACTUAL ALLEGATIONS

7. In May, 2013, while located in California, Plaintiff called ACC at (877) 357-8862 from a wireless telephone in California. Plaintiff spoke to an employee of Defendant who identified himself as "Jose" to inquire about the healthcare program offered at Defendant's Los Angeles campus.

8. Plaintiff was not aware that the call was being recorded. Defendant did not, at any point during the telephone conversation between Plaintiff and Defendant's customer service representative, advise Plaintiff that the call was being recorded. Plaintiff did not give either express or implied consent to the recording.

9. After completing his call, Plaintiff learned that Defendant records *all* incoming telephone calls but does not disclose this to callers.

CLASS ACTION COMPLAINT

2

10. Plaintiff expected that his telephone call would be private (*i.e.,* neither recorded nor monitored) due to Defendant's failure to disclose any recording or monitoring.

11. Plaintiff's subjective expectation of privacy was objectively reasonable based upon prevailing societal norms. Indeed, one poll showed that 73% of Americans believe that it is "extremely important" that conversations never be recorded or monitored without the consent of all parties. *See* Harris Poll #17, March 19, 2003; *see also* Katz, <u>Privacy and Information Technology</u>, Public Opinion Quarterly 54, no. 1 (1990), at 125-143 (concluding that privacy of telephone calls is very important to most Americans and that the idea of secretly recording or monitoring of telephone calls is upsetting to a majority of people).

## V.  CLASS ACTION ALLEGATIONS

12. Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> "All persons who are citizens of any State and who placed calls to Defendant from California whose telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action." (the "Class").

13. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

14. The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across California and across the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of

the Class members in a single class action will provide substantial benefits to all parties and to the Court.

15. There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    (a) Whether Defendant intentionally recorded telephone calls;

    (b) Whether Defendant continues to record calls;

    (c) Whether Defendant disclosed/discloses its intentional recording of telephone communications; and

    (d) Whether Defendant's conduct constitutes a violation of California Penal Code sections 632 and/or 632.7.

16. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

17. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

18. A class action is superior to all other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

CLASS ACTION COMPLAINT

# FIRST CAUSE OF ACTION

## Penal Code § 630, et seq.

19.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

20.     As part of the California Invasion of Privacy Act, the Legislature enacted section 632 of the California Penal Code in 1967 to address the growing concern that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code § 630.

21.     Section 632 prohibits the non-consensual recording, monitoring, and/or eavesdropping upon confidential telephone communications by means of any electronic amplifying or recording device, including a wiretap.  "Intentional" within the context of section 632 merely requires that a defendant intend that the confidential communication be recorded, monitored, and/or eavesdropped upon.  *See People v. Superior Court of Los Angeles County*, 70 Cal. 2d 123, 133 (1969).

22.     Plaintiff is informed and believes, and thereon alleges that Defendant knowingly violated Cal. Pen Code § 632 by habitually, and making a practice of, routinely recording confidential communications of its customers and potential customers.

23.     Plaintiff is informed and believes, and thereon alleges that the foregoing recording, monitoring, and/or eavesdropping on said confidential communications without consent via recording device, including but not limited to wiretapping, constitutes a violation of California Penal Code sections 631(a) and 632.6(a).

24.     Based on the foregoing violations, Plaintiff and members of the Class are entitled to and seek statutory damages.  Plaintiff does not allege common law violation of privacy nor does Plaintiff seek actual damages other that statutory damages.

25.     Plaintiff and the Class additionally seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

## SECOND CAUSE OF ACTION

### Penal Code § 632.7

26.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

27.     Section 632.7 prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is using either a cordless or cellular telephone.  No expectation of confidentiality or privacy is required, nor is any other wrongful or surreptitious intent required – only that the defendant intended to record the communication.

28.     Plaintiff is informed and believes, and thereon alleges that Defendant knowingly violated Cal. Pen Code § 632.7 by intentionally recording calls with persons using cordless or cellular telephones, including Plaintiff.

29.     Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code.  Plaintiff does not allege common law violation of privacy nor does Plaintiff seek actual damages other than statutory damages.

30.     Plaintiff and the Class additionally seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.     For an Order appointing Plaintiff as the representative plaintiff of the Class and his counsel as Class counsel;

CLASS ACTION COMPLAINT

2. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in this illegal practice;

3. For certification of the putative class;

4. For statutory damages;

5. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5 and the common law private attorney general doctrine;

6. For costs of suit; and

7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: September 6, 2013

MAURIELLO LAW FIRM, APC

By: /s/ Thomas D. Mauriello
Thomas D. Mauriello (SBN 144811)
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
Tel: 949/542-3555
Fax: 949/606-9690
tomm@maurlaw.com

ROSE F. LUZON (SBN 221544)
SHEPHERD, FINKELMAN, MILLER
 & SHAH, LLP
401 A Street, Suite 2350
San Diego, CA 92101
Tel: 619/235-2416
Fax: 619/234-7334
rluzon@sfmslaw.com

JAMES C. SHAH (SBN 260435)
35 E. State Street
Media, PA 19063
Tel: 610/891-9880
Fax: 610-891-9883
jshah@sfmslaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Josephine Staton Tucker__ and the assigned Magistrate Judge is __Jean P. Rosenbluth__.

The case number on all documents filed with the Court should read as follows:

### SACV13-01394 JST (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 9, 2013                   By   A. Gonzalez
Date                                     Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☒ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                 NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

COPY
BY FAX

Name & Address:
THOMAS D. MAURIELLO (SBN 144811)
MAURIELLO LAW FIRM, APC
1181 Puerta Del Sol, Ste. 120, San Clemente, CA
92673   Tel: 949/542-3555  Fax: 949/606-9690
(Attorneys for Plaintiff)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SMITH, Individually and On Behalf of All Others Similarly Situated,<br><br>PLAINTIFF(S)<br>v.<br>AMERICAN CAREER COLLEGE, INC.,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV13-01394 JST (JPRx)**<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __THOMAS D. MAURIELLO__, whose address is __1181 Puerta Del Sol, Ste. 120, San Clemente, CA  92673__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __9-9-13__    By: _____
                          Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (10/11)                                          SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| JEREMY SMITH, Individually and On Behalf of All Others Similarly Situated | AMERICAN CAREER COLLEGE, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| THOMAS D. MAURIELLO (SBN 144811), MAURIELLO LAW FIRM, APC<br>1181 Puerta Del Sol, Suite 120, San Clemente, CA 92673<br>Tel: 949/542-3555   Fax: 949/606-9690 | Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ according to proof at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sec. 1332(d)(2) - matter in controversy exceeds $5 million excluding interest and costs, and this is a class action where class members and Defendant are citizens of different states

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:**<br>☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 310 Airplane | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts |  | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☒ 440 Other Civil Rights | **LABOR** |  |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act |  |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY**<br>☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act |  |
|  | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation |  |
|  |  |  | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act |  |

**FOR OFFICE USE ONLY: Case Number:** SACV13-01394 JST (JPRx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| JEREMY SMITH: Los Angeles County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| AMERICAN CAREER COLLEGE, INC.: Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _/s/ Thomas M Maund_  DATE: September 6, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |